# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-649V

| | |
|---|---|
| MARY GRACE FERREIRA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 13, 2024 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC,* for Respondent.

## **DECISION**[1]

On January 12, 2021, Mary Grace Ferreira filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right-sided shoulder injury related to vaccine administration ("SIRVA") due to a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on June 27, 2019. Petition, ECF No. 1.

Following Respondent's Rule 4(c) Report and a review of the record, I issued an Order to Show Cause for Petitioner's failure to establish the six-month severity requirement. ECF Nos. 40-41. In response to my Order, Petitioner ultimately filed a Motion for a Decision Dismissing her Petition. ECF Nos. 42-45. In her Motion, Petitioner indicated that "[a]n investigation of the facts and science supporting her case has

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 45 ¶ 1. She stated that to "proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* ¶ 2. Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.* ¶ 3.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – *i.e.,* an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose preponderant evidence that Petitioner suffered her alleged injury for at least six-months or a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.